UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* GNGH2 INC., | : : : |
| *Plaintiffs*, | : No. 3:24-cv-01480 (JCH) : |
| v. | : **FILED UNDER SEAL** : |
| MACDERMID, INCORPORATED as successor in interest to COVENTYA INC., | : : : February 19, 2025 |
| *Defendant*. | : |

**NOTICE OF INTERVENTION
FOR PURPOSES OF SETTLEMENT**



The United States and the Relator in the above captioned action have reached a settlement agreement with Defendant MacDermid Incorporated, as successor in interest to Coventya, Inc. ("Defendant") to resolve all claims pending against Defendant in this action. The February 18, 2025 Settlement Agreement is attached hereto as Exhibit A.

In light of this agreement, and for the purpose of effectuating that resolution, pursuant to the federal False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully notifies the Court of its decision to intervene in part of this action for the purposes of settlement, and to decline in part of this action.

Specifically, the United States intervenes for purposes of settlement with respect to the claims defined as the Covered Conduct in the parties' February 18, 2025, Settlement Agreement. *See* Exhibit A. The United States declines intervention with respect to all other claims in this action.

In addition, under the terms and conditions of the Settlement Agreement among the

parties, the United States and the Relator have signed and will file a Stipulation of Dismissal pursuant to Rule 41(a)(1), as follows:

1. The stipulation of dismissal is with prejudice as to the United States' claims as to the Covered Conduct, as defined in the Settlement Agreement; the stipulation of dismissal is without prejudice as to the United States as to all other allegations set forth in this action.

2. The stipulation of dismissal is with prejudice as to the Relator's claims as to the Covered Conduct as defined in the Settlement Agreement, and as to all of Relator's allegations against Defendant set forth in this action.

The United States respectfully requests that the Court retain jurisdiction over the parties to the extent necessary to enforce the terms and conditions of the Settlement Agreement.

Finally, the United States hereby requests that the Court lift the seal on this action and on all filings in this action.

A proposed Order accompanies this Notice.

               Respectfully submitted,

               MARC H. SILVERMAN
               ACTING UNITED STATES ATTORNEY
               Attorney for the United States

By:  */s/ Sara G. Kaczmarek*
    SARA G. KACZMAREK
    Assistant United States Attorney
    Federal Bar No. ct30726
    157 Church Street
    New Haven, CT 06510
    Telephone: (203) 821-3796
    Email: Sara.Kaczmarek@usdoj.gov

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Small Business Administration ("SBA") (collectively the "United States"), MacDermid Incorporated, as successor in interest to Coventya Inc. ("Defendant"), and GNGH2, Inc. ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.  Coventya Inc. was a company involved in the manufacture and international distribution of chemicals. In September 2021, Coventya Inc. was acquired by MacDermid Incorporated, a company that provides chemical products and technical services. Coventya Inc. is now known as MacDermid, Incorporated. MacDermid Incorporated has its principal place of business in Waterbury, Connecticut.

B.  On September 16, 2024, Relator filed a qui tam action in the United States District Court for the District of Connecticut captioned *United States ex rel. GNGH2 Inc. v. MacDermid Inc., as successor in interest to Coventya Inc.*, Civil Action No. 3:24-cv-1480 (JCH), pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action").

C.  The United States contends that it has certain civil claims against Defendant arising from Coventya Inc.'s application for and receipt of Paycheck Protection Program ("PPP") loan funds, and subsequent forgiveness of that loan. Specifically, the United States alleges the following:

1

*Settlement Agreement*
*between the U.S., GNGH2 Inc.,*
*and MacDermid/Coventya*

a. In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which was designed to provide emergency financial assistance to Americans suffering economic effects caused by the COVID-19 pandemic. The CARES ACT amended Section 7(a) of the Small Business Act, 15 U.S.C. § 631-657u, and authorized forgivable loans to eligible small businesses for job retention and other expenses through the PPP.

b. In December 2020, Congress enacted the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, P.L. 116-260 ("Economic Aid Act") as a continuation of the federal government's efforts to provide relief to individuals and businesses suffering economic and public health effects of the pandemic. The Economic Aid Act created a second-draw PPP loan that allowed eligible businesses apply for a second loan.

c. One of the eligibility requirements for receiving a second-draw PPP loan was that the entity could have no more than 300 employees, including employees of affiliated entities. The second draw PPP loan application (form 2483-SD) required the applicant to certify, among other things, that it had fewer than 300 employees. The applicant was required to include in its employee count the employees of any foreign and domestic affiliate entities.

d. On April 27, 2021, Coventya applied for a second-draw PPP loan for $1,075,000. When it applied for the second-draw loan, Coventya falsely certified that it had fewer than 300 employees. Coventya knew, or should have known, that

2

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

together with its foreign affiliate, it had more than 300 employees and was therefore ineligible for the second-draw PPP loan.

e.  Based on its application, Coventya received a second-draw PPP loan totaling $1,075,000 (SBA Loan No. 1240438909). In connection with that PPP loan, the SBA paid a $32,250 processing fee to the lender. On November 18, 2021, and upon attesting to the accuracy of its underlying application and eligibility for the second-draw loan, Coventya applied for and received forgiveness of the loan in the amount of $1,081,061.81, including $1,075,000 in principal and $6,061.81 in interest, which the SBA paid to the lender. The SBA would not have approved forgiveness had Coventya not falsely certified its employee count.

The conduct described in this Paragraph C a.-e., above, is referred to below as the "Covered Conduct."

D.  This Settlement Agreement is neither an admission of liability by Defendant nor a concession by the United States that its claims are not well founded.

E.  Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorney's fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

3

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

## TERMS AND CONDITIONS

1. Defendant shall pay to the United States TWO MILLION, TWO HUNDRED TWENTY-SIX THOUSAND, SIX HUNDRED TWENTY-THREE DOLLARS AND SIXTY-TWO CENTS ($2,226,623.62) ("Settlement Amount"), of which $1,113,311.81 is restitution, by electronic funds transfer pursuant to written instructions to be provided by the U.S. Attorney's Office for the District of Connecticut no later than five (5) business days after the Effective Date of this Agreement.

2. Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $222,662.36 to Relator by electronic funds transfer ("Relator's Share").

3. Defendant shall separately pay to Relator $2,205 pursuant to 31 U.S.C. § 3730(d) in full and complete satisfaction of any claim Relator has or could have asserted for attorney's fees, costs, or expenses arising out of, relating to, or in connection with the Civil Action. Defendant shall make this payment no later than thirty (30) days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by counsel for Relator.

4. Subject to the exceptions in Paragraph 6 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, the United States releases Defendant, together with its current and former parent corporations, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them from any civil or administrative monetary claim the United States has for the Covered Conduct under the

4

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

5.  Subject to the exceptions in Paragraph 6 below, and upon the United States' receipt of the Settlement Amount, Relator, for itself and for its heirs, successors, attorneys, agents, and assigns, releases Defendant, together with its current and former parent corporations, direct and indirect subsidiaries, brother or sister corporations, divisions, current or former corporate owners, and the corporate successors and assigns of any of them, from any civil monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

6.  Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

   a.   Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b.   Any criminal liability;

   c.   Except as explicitly stated in the Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

   d.   Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

5

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

    e.  Any liability based upon obligations created by this Agreement; and

    f.  Any liability of individuals.

  7. Relator and its heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the Relator's Share, Relator and its heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

  8. Relator, for itself, and for its heirs, successors, attorneys, agents, and assigns, releases Defendant, Defendant's affiliates, and all of their current and former shareholders, members, directors, officers, agents, employees, and the predecessors, successors, and assigns of each of them, from any liability to Relator arising from the filing of the Civil Action, the Covered Conduct, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs except as set forth in Paragraph 3.

  9. Defendant waives and shall not assert any defenses Defendant may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the

Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. Defendant fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

11. Defendant agrees to the following, if applicable:

a. Unallowable Costs Defined: all costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendant, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Defendant's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement;

7

*Settlement Agreement*
*between the U.S., GNGH2 Inc.,*
*and MacDermid/Coventya*

      (5) the payment Defendant makes to the United States pursuant to this Agreement and any payments that Defendant may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Defendant, and Defendant shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Defendant shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Defendant or any of its subsidiaries or affiliates from the United States. Defendant agrees that the United States, at a minimum, shall be entitled to recoup from Defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendant's books and records and to disagree with any calculations submitted by Defendant or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendant, or the effect of any such Unallowable Costs on the amount of such payments.

  12. This Agreement is intended to be for the benefit of the Parties only.

8

*Settlement Agreement*
*between the U.S., GNGH2 Inc.,*
*and MacDermid/Coventya*

13. Upon receipt of the payment described in Paragraph 1, above, the Relator and the United States shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). The stipulation of dismissal shall be subject to the terms and conditions of this Agreement. The stipulation of dismissal shall be with prejudice as to the United States' and Relator's claims as to the Covered Conduct, and as to any of Relator's claims against Defendant set forth in the Civil Action. The stipulation of dismissal shall be without prejudice as to the United States as to any other allegations set forth in the Civil Action.

14. Except as provided in Paragraph 3, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

15. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

16. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Connecticut. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

17. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

9

*Settlement Agreement*
*between the U.S., GNGH2 Inc.,*
*and MacDermid/Coventya*

18. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

19. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

20. This Agreement is binding on Defendant's successors, transferees, heirs, and assigns.

21. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

22. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

23. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures, scans of signatures, and electronic signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

10

## THE UNITED STATES OF AMERICA

DATED: 02-18-2025   BY: _____
MICHELLE L. MCCONAGHY
Assistant United States Attorney
Chief, Civil Division
District of Connecticut


DATED: 2-18-2025   BY: _____
SARA G. KACZMAREK
Assistant United States Attorney
District of Connecticut

11

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

<u>MACDERMID, INCORPORATED, as successor in interest to COVENTYA, INC.</u>

DATED: 2/17/2025    BY: _____
VICTOR J. MICHELS
Assistant Secretary
MacDermid, Incorporated, as successor in interest
to Coventya, Inc.


DATED: 02/17/2025    BY: _____
LINDA M. RICCI
Greenberg Traurig LLP
Counsel for MacDermid, Incorporated, as successor
in interest to Coventya, Inc.

12

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

<u>GNGH2 Inc. - RELATOR</u>

DATED: 2/17/25    BY: _____
DAVID ABRAMS
President
GNGH2 Inc.

DATED: 2/17/25    BY: _____
DAVID ABRAMS
Counsel to Relator GNGH2 Inc.

13

*Settlement Agreement
between the U.S., GNGH2 Inc.,
and MacDermid/Coventya*

## CERTIFICATION OF SERVICE

      I certify that a true and correct copy of the foregoing was served by electronic mail, this February 19, 2025, on:

David Abrams
P.O. Box 3353 Church Street Station
New York, NY 10008
dnabrams@gmail.com
Counsel for Relator

Pursuant to 31 U.S.C. § 3730(b)(2), no service was made upon the Defendant as this case is still under seal.

                                            */s/ Sara G. Kaczmarek*
                                            Sara G. Kaczmarek (ct30726)
                                            Assistant U.S. Attorney